

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/01/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 12-30554 |
| GENE MICHAEL MONTEAGUDO | § | CHAPTER 7 |
| | § | |
| Debtor(s). | § | JUDGE ISGUR |
| | § | |
| DISCOVER BANK, ISSUER OF THE DISCOVER CARD | § § § | |
| | § | |
| Plaintiff(s), | § § | |
| vs. | § | ADVERSARY NO. 12-03146 |
| | § | |
| GENE MICHAEL MONTEAGUDO | § § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION AND ORDER

Discover Bank's attorneys have repeatedly violated the Federal Rules of Bankruptcy Procedure. For the reasons set forth in more detail below, the Court holds:

- No relief should be granted against Discover Bank.

- Discover Bank's counsel should be ordered to comply with Rule 7009 of the Federal Rules of Bankruptcy Procedure.

### Background

Prior to filing bankruptcy, Gene Monteagudo made charges on his Discover Bank credit card. On January 26, 2012, Monteagudo filed a chapter 7 bankruptcy petition. On April 27, 2012, Monteagudo received a chapter 7 discharge. The chapter 7 discharge would normally have discharged Monteagudo's debts to Discover Bank. However, on March 19, 2012, Discover Bank filed this adversary proceeding seeking to except $6,000.00 owed to Discover Bank from the chapter 7 discharge.

Discover Bank sought the discharge exception pursuant to 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) provides that extensions of credit obtained by "false pretenses, a false representation or actual fraud…" are excepted from discharge. Discover Bank's complaint alleges that Mr. Monteagudo incurred charges with Discover Bank "by false pretenses, false representations and/or actual fraud." (ECF No. 1.)

For § 523(a)(2)(A) actions, the Fifth Circuit requires proof of common-law fraud. *In re Mercer*, 246 F.3d 391, 401–02 (5th Cir. 2001) (clarifying "the standards governing nondischargeability of card-debt").

Because Discover Bank's claim requires a showing of fraud, its complaint must comport with Fed. R. Civ. P. Rule 9(b), applicable through Fed. R. Bankr. P. 7009. *See Discover Bank v. Fuentes (In re Fuentes),* --- B.R. ----, 2012 WL 2878549, at *2 (Bankr. S.D. Tex. 2012).

Rule 9(b) requires a party to state with particularity the circumstances constituting fraud. FED. R. CIV. P. 9(b). In various adversary proceedings, the Court has repeatedly informed Discover Bank's counsel of his Rule 9 pleading obligations. Discover Bank and its counsel have ignored the Court's admonitions.[1]

---

[1] The Court previously described certain statements made by Anderson to the Court about his compliance with Rule 7009 in another § 523(a)(2) adversary proceeding. According to Anderson, Discover routinely complies with Rule 7009 only after opposing counsel so demands. *Fuentes,* --- B.R. ----, 2012 WL 2878549, at *5 (Bankr. S.D. Tex. 2012). At the hearing conducted on July 30, 2012, Anderson disputed that he made such comments, and implied that they were taken out of context.

Following the July 30, 2012 hearing, the Court listened to the recording of Anderson's statements in the *Fuentes* case on May 14, 2012. The issue in *Fuentes* was whether the Court should grant default relief when the complaint did not meet Rule 7009. Anderson argued that even though Discover's complaint did not meet Rule 7009, Discover was nevertheless entitled to default relief. After informing the Court that he never filed a complaint that he did not believe to be meritorious, Anderson explained when he would normally comply with Rule 7009: "Typically the adversarial process weeds that out. So that if the defendant did appear and felt that for some reason there was a lack of merit, then *that is the onus on the defendant to either file a motion to dismiss or a motion for a more definite statement.* Something to the effect that the Rule 9 standard simply to bring that to my attention. In that way because that's how litigants typically reply to the issues the Court rules on the issue. Let me go forward from that point so that at that level *if the Plaintiff needs to amend the complaint to add additional allegations that is what would happen."* The Court did not misunderstand.

**The Show Cause Order and Hearing**

On June 14, 2012, the Court issued its show cause order requiring Discover Bank and its counsel to show why they should not be compelled to comply with Rule 9(b).  At the July 26, 2012 hearing, Jason Anderson of the Weinstein & Riley law firm appeared on behalf of Discover Bank.  The Court's show cause order provided, in part:

> Jason Anderson (Discover Bank's counsel of record) must be present.  In addition, a corporate representative who has the full authority to direct Discover Bank's present and future counsel regarding the contents of complaints seeking exceptions to discharge in the United States Bankruptcy Court for the Southern District of Texas must be present. If no individual holds such authority, then multiple individuals who collectively have the requisite authority must appear.

(ECF No. 23.)

When the Court inquired about the absence of a corporate representative, Anderson told the Court that the show cause order did not require a Discover Bank corporate representative to appear.  Anderson told the Court that he had repeatedly read the order and that it was his opinion that the sentence *"[i]n addition, a corporate representative who has the full authority to direct Discover Bank's present and future counsel regarding the contents of complaints seeking exceptions to discharge in the United States Bankruptcy Court for the Southern District of Texas must be present"* did not require anyone from Discover Bank to appear.[2]

The Court is concerned about Anderson's lack of candor and his untruthfulness.  From the Court's prior experiences with him, it is plain that Anderson is an intellectually competent individual.  The provision in the Court's order that "In addition" a "corporate representative"

---

[2]  Anderson also briefly argued that no one at Discover Bank could control the content of his complaints.  Anderson seems to misunderstand what a client can and cannot control.  The client can certainly direct the lawyer's conduct so long as such conduct is consistent with the lawyer's legal and ethical obligations.  In any event, the directive was to Discover Bank.  As set forth in detail below, Discover Bank's Assistant General Counsel, Mr. Swift, quickly disposed of such statements by Anderson.  Discover Bank unambiguously took responsibility to direct its lawyer's compliance with Rule 7009.  If Anderson had informed his client of the show cause order, he would have learned of his client's position.

should appear is unambiguous. Anderson could not have misunderstood the order. His statement about his interpretation of the order was an untruthful representation to the Court. As a consequence of this contemptuous act, the Court continued the hearing from day-to-day until a Discover Bank corporate representative finally appeared on July 30, 2012.

Discover Bank appeared with two representatives. Marc Taylor is a Discover Bank business representative who testified about the assignment of credit card accounts to the Weinstein & Riley law firm. Jim Swift is Assistant General Counsel to Discover Bank. Both witnesses testified completely and credibly. The Court learned that:

- Prior to the commencement of the show cause hearing, neither Anderson nor the Weinstein & Riley law firm had informed Discover Bank of the Court's show cause order, even though Discover Bank was a respondent to the order.

- Prior to the commencement of the show cause hearing, neither Anderson nor the Weinstein & Riley law firm had informed Discover Bank that the Court required the attendance of a Discover Bank witness.

- Discover Bank agrees that the law requires that Discover Bank comply with Rule 7009 when filing § 523(a)(2) complaints.

- Discover Bank agrees that the complaint filed in this case did not comply with Rule 7009.

- Discover Bank represented to the Court, through Mr. Swift, that it would assure that future § 523(a)(2) complaints complied with Rule 7009.

- Weinstein & Riley is national counsel to Discover Bank with respect to § 523(a)(2) complaints. Mr. Swift undertook the responsibility to assure that counsel fully appreciated Discover's Bank requirement that counsel comply with applicable law, including complying with the pleading requirements of Rule 7009.

After the conclusion of Mr. Taylor's testimony and Mr. Swift's testimony, the Court required Mr. Anderson to testify. Consistent with his prior untruthful statements to the Court, Anderson's testimony was not credible. He repeatedly avoided giving direct answers to questions. For example, when asked whether Anderson would assure that his future complaints

complied with Rule 7009, Anderson gave a short lecture on how his previous complaints had been filed in compliance with Rule 7009.

Anderson's answers ignored controlling law and shed little positive light on his future behavior.  At the conclusion of the hearing, the Court was left with no credible evidence that either Anderson or his law firm would strive to comply with Rule 7009 in their future pleadings.

Anderson and his law firm represent a number of creditors in the United States Bankruptcy Court for the Southern District of Texas.  They file many § 523(a)(2) adversary complaints on behalf of many of those creditors, usually in the same form as was filed in this case.  Although the Court finds Discover Bank's testimony highly credible as to the future conduct that will occur when Discover Bank files pleadings, there was no credible testimony that Anderson and Weinstein & Riley will comply with Rule 7009 in their representation of other creditors.

The issue is important.  The consistent failure to comply with Rule 7009 increases litigation costs for all parties.  Often the amounts in controversy are relatively small.  The failure to comply with Rule 7009 imposes the following monetary and systemic costs:

- It imposes on the defendant or the Court the need to force compliance with Rule 7009 in each case.  Compliance with the Federal Rules of Bankruptcy Procedure should be undertaken as a matter of course.  Neither the Court nor opposing parties should be required to expend resources to assure such compliance.

- Because complaints must be amended to satisfy Rule 7009, the Court is required to conduct multiple scheduling conferences.

- Defendants are often required to spend funds to answer both the original and an amended complaint.

- Defendants are not apprised of the alleged fraud with the specificity required by Rule 7009.  This leads to allegations of fraud that may—or may not—be substantiated by evidentiary support.  Both the Court and litigants should be wary of fraud allegations unsupported by specific allegations in the pleadings.

## Decree

1. Discover Bank's representations made through Mr. Swift are accepted by the Court. No action will be taken against Discover Bank on account of the Court's show cause order. The Court is confident that Mr. Swift will implement his representations and he is urged to do so.

2. Jason Anderson and Weinstein & Riley are ordered:

    A. All future § 523(a)(2) complaints filed in the United States Bankruptcy Court for the Southern District of Texas on behalf of any client must comply with Rule 7009 of the Federal Rules of Bankruptcy Procedure.

    B. For a period of 12 months following entry of this Memorandum Opinion and Order, a copy of this Memorandum Opinion and Order must be filed in every adversary proceeding filed by Anderson or by Weinstein & Riley in this District.

    C. The copy of the Memorandum Opinion and Order must be:

        i. Filed not later than 48 hours following the commencement of the adversary proceeding.

        ii. Filed with an ECF docket entry that is separate from any other ECF docket entry.

        iii. Filed with a docket entry that reads "Notice of Order Mandating Compliance with Rule 7009."

        iv. Served on all parties to the proceeding on the same day on which the docket entry is made.

3. During the course of this show cause proceeding, Jason Anderson failed in multiple duties to the Court. The Court takes under advisement whether separate proceedings should be commenced against Mr. Anderson.

4. The duties imposed against Anderson and against Weinstein & Riley are effective immediately. They are not stayed. It is the Court's intention that this order be immediately appealable.

SIGNED **August 1, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE